GAUTIER, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Contract of Purchase and Sale.

No. 286.—Decided January 18, 1917.

MORTGAGE—PRINCIPAL OBLIGATION—SUBJECT-MATTER.—According to section 1758 of the Civil Code, a mortgage is a contract to secure the fulfilment of a principal obligation, and when there is no such obligation the contract has no subject-matter.

ID.—CONJUGAL PARTNERSHIP—PRESUMPTION—COMMUNITY PROPERTY—CONSENT OF WIFE.—It being an established principle of jurisprudence that only the owner of property can mortgage the same, real property purchased by a married man, presumably for the conjugal partnership, cannot be mortgaged by him

in favor of the vendor for a part of the purchase money, even in the deed of purchase and sale, without first obtaining the consent of his wife, as required by section 1328 of the Civil Code.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

In this appeal there is involved only the question of whether a husband, without the consent of his wife, may, at the time of the purchase of a piece of real property, mortgage the same in favor of the vendor for the unpaid purchase money. Santiago F. Lorenzi and his wife, in a deed bearing date of June 22, 1911, conveyed to Domingo Agostini several parcels of property, one piece being situated in Guayama and the rest in Humacao. The agreed price was $4,500. The purchaser paid $500 in cash and the $4,000 necessary to complete the purchase price the said purchaser agreed to pay in eight instalments of $500 each. To secure the performance of this obligation to pay, the said purchaser, in the same deed, constituted a mortgage on the property conveyed to him. An assignee of the vendors offered the mortgage to the registrar of Humacao who declined to record it on the ground that the property sought to be mortgaged belonged to the conjugal society and hence that the consent of the wife was necessary.

The appellant maintains, in substance, that a part of the consideration for the sale of the property was the mortgage given by the debtor. He insists that the contract is an entire one and that the sale and the mortgage are interdependent and that neither can exist without the other. In other words, that for the sale to exist the mortgage must likewise be valid.

The question for review is what really took place. There was a price on one side and a transfer on the other. The contract of sale was $500 cash and $4,000 to be paid thereafter, which made the said contract complete. The mortgage here was, as it always is, a contract to secure the performance of a principal obligation, and without such principal obligation

no mortgage contract could arise. Section 1758, Civil Code; section 1857, Spanish Civil Code; and see the comments of Manresa, Vol. 12, 382 *et seq.;* 150 *et seq.,* on the said section. As Manresa points out, the contract of mortgage would have no purpose without the existence of a principal contract. As the existence of the principal contract of sale necessarily supposes a transfer, the title to the property passed from the former owner to the purchaser. This purchaser, as he was a married man, was presumptively buying in the name of the conjugal partnership. Furthermore, it is a well-settled principle of jurisprudence with regard to mortgages that only the owner of property can mortgage the same. The owner, as we have seen, was the conjugal society, and the registrar was bound to follow the provisions of the Civil Code, section 1328, which makes the consent of the wife an indispensable prerequisite.

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.